**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Rowlee,<br><br>    Plaintiff,<br><br>v.<br><br>Protective Life Insurance Company, et al.,<br><br>    Defendants. | No. CV-23-01124-PHX-MTL<br><br>**ORDER** |

  Plaintiff asserts a single claim for relief against Defendant, which is breach of the covenant of good faith and fair dealing associated with her deceased husband's $250,000 life insurance benefit. In addition to compensatory damages, Plaintiff prays for punitive damages and an award of attorney's fees under A.R.S. § 12-341.01.

  Federal Courts are courts of limited jurisdiction. Defendant removed this case from Arizona Superior Court for diversity of citizenship. Complete diversity of the parties exists but Plaintiff contests that the $75,000 amount-in-controversy threshold is satisfied.

  The Court now considers Plaintiff's Motion to Remand. (Doc. 11)

  The Court finds Defendant's arguments opposing remand to be well-taken. First, Plaintiff seeks to recover not only compensatory damages but also punitive damages. A fully successful party can reasonably expect a punitive damages award to represent a multiple of the compensatory damages award. In the context of bad-faith insurance practices, a successful claim arising from a $250,000 life insurance policy is reasonably anticipated to exceed well over $75,000. *See Lewis v. Eli Lilly & Co.*, No. CV-19-05740-

PHX-JJT, 2020 WL 5210815, at *2 (D. Ariz. Sept. 1, 2020). Second, Plaintiff declined Defendant's offer to stipulate that her claims do not exceed $75,000. As this Court previously observed, a "plaintiff's refusal to admit that the combination of these recoveries would not exceed $75,000 raises the reasonable inference that it would." *Strojnik v. Hyatt Hotels Corp.*, No. CV-21-00741-PHX-DWL, 2022 WL 804480, at *7 (D. Ariz. Feb. 18, 2022) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006)) (cleaned up). The Court finds that Plaintiff's refusal to stipulate to a limited recovery strongly implies that she values her claims more than the jurisdictional minimum.

**IT IS ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 11) is **denied**.
2. Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c) is **denied**.

Dated this 16th day of August, 2023.

Michael T. Liburdi
United States District Judge